PER CURIAM: This court in *Kellner* v. *Kener* (190 App. Div. 927) held the contract set forth in the complaint invalid. The judgment of this court was affirmed by the Court of Appeals (234 N. Y. 521). In the orderly administration of justice we are constrained to hold the same contract invalid here. Consequently the complaint fails to state facts sufficient to constitute a cause of action. The judgment and order should be affirmed, with costs. All concur; Hubbs, P. J., not sitting. Judgment and order affirmed, with costs.

---

ROCHESTER TRUST AND SAFE DEPOSIT COMPANY and Another, as Executors, etc., of W. FRANK MCLEAN, Deceased, and Another, Respondents, v. CHAPIN BROWN, as Executor, etc., of ARTHUR T. SKINNER, Deceased, and as Administrator, etc., of ROSABEL SKINNER, Deceased, and Others, Appellants, Impleaded with Others.— Judgment modified by providing that the costs and expenses of administration of the estate of Rosabel Skinner, deceased, be ascertained, and the injunction order granted April 9, 1921, is modified, so that Chapin Brown, as administrator with the will annexed of said deceased, may proceed in Surrogate's Court if he is so advised to determine before the surrogate the debts and expense of administration; that the transfer tax, if any, on the interests of the parties, be directed to be ascertained and paid by the receiver out of the respective shares, and the judgment and order, as so modified, are affirmed, without costs of this appeal to either party. All concur, except Sears and Crouch, JJ., who dissent and vote for reversal.

MARY E. McCAUL, Respondent, v. CITY OF OLEAN, Defendant, Impleaded with ELIZA HAVENS and Others, Appellants.— Judgment and order affirmed, with costs. All concur, except Davis, J., who dissents and votes for reversal as to the appellants Dipson and Cranides, but votes for affirmance as to the appellant Havens.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THE GLOBE INDEMNITY COMPANY OF NEW YORK, Appellant.— Judgment and order affirmed, with costs. All concur.

In the Matter of the Application of the GRADE CROSSING COMMISSIONERS OF THE CITY OF BUFFALO, for the Appointment of Commissioners to Ascertain the Compensation to Be Paid to the Owners of and Parties Interested in Lands Claimed to Be Injured by the Change of Grade of Urban and Fougeron Streets, at New York Central and Hudson River Railroad Belt Line, and Claimed to Be Owned by GEORGE URBAN MILLING COMPANY, Appellant, and Others. CITY OF BUFFALO and Others, Respondents. (Proceeding No. 101.) — Order affirmed, with costs. All concur.

OCEAN ACCIDENT AND GUARANTEE CORPORATION, Respondent, v. HOOKER ELECTRO-CHEMICAL COMPANY, Appellant.— Order affirmed, with ten dollars costs and disbursements. All concur.

HELEN G. MACKLEY, Respondent, v. NELLIE P. WALKER, Appellant.— Judgment and order affirmed, with costs. All concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION W. COTTLE and Others, Appellants, v. THE CITY OF BUFFALO, Respondent.— Order affirmed, with costs. All concur.

CECELIA HENIG, as Administratrix, etc., of JOHN HENIG, Deceased, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment affirmed, with costs. All concur.

NORA E. EGAN, Respondent, v. VILLAGE OF EASTWOOD, Appellant.— Judgment